STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JULIUS MC KELVEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 17, 1976—Decided June 9, 1976.

Before Judges CARTON, CRAHAY and HANDLER.

*Mr. Joseph P. Lordi*, Essex County Prosecutor, attorney for appellant (*Mr. Marc J. Friedman*, Assistant Prosecutor, of counsel and on the brief).

*Mr. Peter C. Vitanzo*, attorney for respondent (*Mr. Michael Muscio* on the brief).

PER CURIAM. Defendant was convicted in the municipal court of driving while under the influence of intoxicating liquor on a restricted service road at the Newark Airport (*N. J. S. A.* 39:4–50). After a *de novo* trial on the record on appeal, the County Court entered a judgment of acquittal on the ground that defendant had not been operating the vehicle on a public road. The State appeals.

We conclude that the State's appeal must be dismissed for lack of jurisdiction. Here defendant was acquitted by the court after a trial on the merits. It appears

to be settled that under such circumstances the State has no right of review. *Newark v. Pulverman,* 12 *N. J.* 105 (App. Div. 1961). *Pulverman* involved an appeal from a conviction in the municipal court for violation of a zoning ordinance. The court said (at 112) : "[U]nder our current statutes and rules of court no similar review of legal rulings may be had by the State in a criminal case where the defendant has been acquitted at trial." To the same effect is *State v. Fiore,* 69 *N. J. Super.* 122 (App. Div. 1961), and *Paramus v. Martin Paint,* 128 *N. J. Super.* 138 (App. Div. 1974).

Nor is an appeal by the State authorized in the present case under the rules of the Supreme Court. *R.* 2:3-1 enumerates those actions of the trial court which can be appealed by the State:

> In any criminal action the State may appeal or, where appropriate, seek leave to appeal pursuant to R. 2:5-6(a) :
> \* \* \* \* \* \* \* \*
> b. to the appropriate appellate court from: (1) a judgment of the trial court entered before or after trial dismissing an indictment, accusation or complaint \* \* \*.

As that rule states, such an appeal is permissible only "where appropriate." Here the judgment of acquittal was on the merits after a trial and is not appropriate. Contrary to the State's contention, the court's action was not based on a procedural ground or one that can be equated with such a ground. The fact that the acquittal was granted for a legal reason, rather than on the basis of a factual determination, does not alter the result. This is so whether or not the trial judge may have erred in his ruling.

Although we are precluded from reaching a decision on the merits, we observe that it is long-settled law in New Jersey that one who operates a motor vehicle in an area open to the public is subject to the drunken driving laws even if the place of operation is privately owned. See *State v. Gillespie,* 100 *N. J. Super.* 71 (App. Div. 1968) (apartment house parking lot) ; *State v. Sisti,* 62 *N. J. Super.* 84

(App. Div. 1960) (shopping center parking lot) ; *State v. O'Grady,* 19 *N. J. Misc.* 559, 21 *A.* 2d 864 (Spec. Sess. 1941) (ferryboat and dock). See generally, Annotation, "Applicability to Operation of Motor Vehicles on Private Property, of Legislation Making Drunken Driving a Criminal Offense," 29 *A. L. R.* 3d 938 (1970). In view of the danger presented to members of the public by an intoxicated driver, it may be cogently argued that defendant's conduct and the limited access service road involved here came within the ambit of the drunken driving statute.

The appeal is dismissed.